UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO DIAZ,<br><br>  Plaintiff,<br><br>  v.<br><br>The CITY OF MERCED, CODY MCCOMB, NICOLAS DEJON, DOMINIC SAELEE, and DOES 1-15, inclusive,<br><br>  Defendant. | No. 1:23-cv-00065-JLT-SKO<br><br>**ORDER VACATING HEARING AND GRANTING MOTION TO WITHDRAW**<br><br>(Doc. 17) |

### I.     INTRODUCTION

Plaintiff Armando Diaz ("Plaintiff") initiated this action on January 12, 2023, alleging he was subject to excessive force by officers of the Merced Police Department acting under color of law, in violation of the Fourth Amendment and 42 U.S.C. § 1983.  (Doc. 1).  On July 24, 2024, William L. Schmidt of the law firm William L. Schmidt, Attorney at Law, P.C., ("Attorney Schmidt"), attorney for Plaintiff, filed the instant motion to withdraw.  (Doc. 17).  Pursuant to E.D. Cal. Local Rule 230(c), any opposition to the motion by or Defendants was due by August 7, 2024.

Defendants filed a statement of non-opposition on July 26, 2024 (Doc. 19) and Plaintiff has not filed a response. (*See* Docket). The matter is therefore deemed unopposed. *See* E.D. Cal. L.R. 230(c). After having reviewed the motion and supporting material, the matter is deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the hearing set for September 4, 2024, will be vacated.

## II.  DISCUSSION

### A.  Legal Standard

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. Local Rule 182(d). Rule of Professional Conduct 1.16(b)(6) provides that an attorney may request permission to withdraw if the client "knowingly and freely assents to termination of the representation." Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[1] The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal.

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients upon the termination of the representation.

1 | Mar. 24, 2011) (citation omitted).

2 | **B.    Analysis**

Attorney Schmidt states that "[c]onflicts have arisen between Client and counsel that are irreconcilable and have severely impacted the attorney-client relationship, making it unreasonably difficult for counsel to continue to effectively represent Client." (Doc. 17-1 at 2).  Attorney Schmidt states he and Plaintiff have had "multiple ongoing disagreements on case strategy, management and other important matters which prevent counsel from effectively representing the Client's best interests.  Furthermore, Client has taken active steps to prevent counsel from effectively representing him." (*Id.* at 3).  Attorney Schmidt states he has "taken all necessary steps to ensure that the withdrawal will not have a material adverse effect on the interests of the Client," and that because trial is currently set for March 3, 2025, there is sufficient time for Plaintiff to secure new counsel. (*Id.* at 3).  Attorney Schmidt states he has notified Plaintiff of his intent to withdraw via email and verbally on several occasions. (*Id.*).  On July 24, 2024, Attorney Schmidt served Plaintiff with a copy of his motion via email and U.S. mail. (*Id.* at 5).

Attorney Schmidt has complied with both the Local Rules and the Rules of Professional Conduct.  As required under Local Rule 182, he provided Plaintiff notice of his intent to withdraw as counsel before filing his motion and served Plaintiff a copy via U.S. mail. (*Id.* at 4-5).  As set forth above, Rule of Professional Conduct 1.16(b)(4) provides that an attorney may request permission to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." As Attorney Schmidt stated in his declaration, he and Plaintiff have had multiple ongoing disagreements on case strategy. California Rule of Professional Conduct 1.16(b)(5) allows an attorney to withdraw if the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation. Attorney Schmidt states that Plaintiff has taken active steps to prevent counsel from effectively representing him.  Accordingly, there is good cause to allow Attorney Schmidt to withdraw.

The Court also finds Attorney Rivas has taken reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct

1.16(d). As set forth above, he informed Plaintiff that he intended to withdraw his representation. With respect to whether Plaintiff will be prejudiced by the withdrawal, the Court notes that Plaintiff has not opposed the motion, and his trial is set for March 3, 2025, providing sufficient time to secure new counsel.

For the reasons set forth above, the Court shall grant the motion to withdraw. The Court notes that upon his attorney's withdrawal, Plaintiff will be proceeding *pro se* and will be responsible for the timely prosecution of the action. A failure to comply with an order of the Court may result in sanctions, including dismissal of this action.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, it IS HEREBY ORDERED that:

1. The hearing set for September 4, 2024 (*see* Doc. 18) is VACATED;
2. The motion to withdraw (Doc. 17) is GRANTED;
3. The Clerk of Court is ORDERED to RELIEVE William L. Schmidt of the Law Office of William Schmidt, Attorney at Law, P.C., as attorney for Plaintiff Armando Diaz;
4. Attorney Schmidt SHALL serve a copy of this order on Plaintiff via U.S. mail and E-mail and INFORM Plaintiff that he has withdrawn. **Within two (2) days of the date of the order**, Attorney Rivas SHALL file a declaration certifying (a) proof of service of this order on Plaintiff via U.S. mail and E-mail; and (b) return of all Rule 1.16(e) items to him; and
5. The Clerk of Court SHALL UPDATE THE DOCKET to reflect Plaintiff's *pro se* status and his current address (*see* Doc. 17) and SHALL serve this order upon him at that address.

IT IS SO ORDERED.

Dated:  **August 12, 2024**                    /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE