# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO DIAZ,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF MERCED, CODY McCOMB, NICOLAS DEJON, DOMINIC SAELEE, and DOES 1-15, inclusive<br><br>  Defendants. | Case No.: 1:23-CV-00065-JLT-SKO<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO EXTEND THE DISCOVERY DEADLINE TO PERMIT DISCOSURE OF EXPERTS, REBUTTAL EXPERTS, AND TO COMPLETE EXPERT DISCOVERY**<br><br>(Doc. 30) |

## I. INTRODUCTION

On February 7, 2024, Plaintiff filed a motion to modify the pretrial scheduling order, (Doc. 21 (the "Motion")), as partially modified by minute orders, (Docs. 23, 25), to reopen expert discovery to allow the parties to disclose experts, rebuttal experts, and to complete expert discovery. (Doc. 30). The Court has considered the Motion and Opposition, (Doc. 31), as well as Plaintiff's supplemental declaration in support of his motion, (Doc. 32). For the reasons set forth below, the Court GRANTS Plaintiff's request to (1) reopen and extend the expert discovery deadlines.[1]

## II. BACKGROUND

Plaintiff filed this civil rights action on January 12, 2023. (Doc. 1). On July 24, 2024, the Plaintiff's original counsel filed a motion to withdraw. (Doc. 17).

On August 1, 2024, the Court modified the scheduling order based on good cause in light of the parties' stipulation. (Doc. 21). As relevant to the pending motion, that order set the following deadlines: expert disclosures were due on August 30, 2024, rebuttal experts were due on September 27, 2024; and the expert discovery deadline was set for October 18, 2024. (*Id.*)

On August 12, 2024, the Court granted Plaintiff's prior counsel's motion to withdraw. (Doc.

---

[1] The instant motion was referred to the undersigned to "resolv[e] the discovery extension request." (Doc. 34.)

22).

From August 12, 2024 until February 7, 2025 when new counsel appeared on behalf of Plaintiff, Plaintiff proceeded *pro se*. On February 7, 2025, Plaintiff filed a motion to allow for substitution of attorney and a motion to modify the scheduling order and related pre-trial orders. (Doc. 30). Defendants opposed the Plaintiff's request to extend the discovery deadlines but noted that they would not oppose the continuance of the trial date and other applicable pre-trial deadlines. (Doc. 31).

On February 10, 2025, the District Court entered a minute order ordering the Plaintiff to "supplement the record with a declaration addressing his efforts to retain counsel over the past six months." (Doc. 32).

On February 13, 2025, Plaintiff filed a declaration detailing his efforts to retain counsel over the time period between the withdrawal of his original counsel and retaining new counsel. (Doc 33). That declaration recounts Plaintiff's contacting of seventeen different lawyers or law groups seeking counsel over that 6-month period. (*Id.*).

On February 14, 2025, the District Court found good cause to continue Plaintiff's unopposed the trial and pretrial dates, ordered the parties to meet and confer to propose "mutually acceptable revised trial and pretrial dates," and referred "Plaintiff's separate [and opposed] request to extend discovery deadlines . . . to the assigned magistrate." (*Id.*).

## IV.  DISCUSSION

District courts have broad authority in managing discovery. *See, e.g.*, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (noting that the Court "has wide discretion in controlling discovery).

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," district courts must consider the following factors:

> (1) whether trial is imminent, (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to

relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1516 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997)). The "good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment," *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), and "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification," *id.*

In cases where a Court considers modifying a scheduling order to retroactively modify an elapsed deadline, the [c]ourt must also consider excusable neglect [under Rule 6(b)]." *Multiple Energy Technologies, LLC v. Casden*, 2022 WL 16972482, at *4 (C.D. Cal. Nov. 16, 2022) (citing Fed. R. Civ. P. 6(b)(1)(B)). Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In exercising its discretion to determine whether a litigant has established excusable neglect under Rule 6(b)(1)(B), the court considers four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 388, 394 (1993)) (alterations omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395).

Both Rule 6(b)(1) and Rule 16(b), "like all the Federal Rules of Civil Procedure, '[are] to be

3

liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

The Court finds that Plaintiff has shown good cause to reopen and modify the Scheduling Order. Starting with the 16(b) analysis, the primary focus is on whether the moving party was diligent. *See De Paz v. Wells Fargo Bank, N.A.*, 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Although Defendants contend otherwise (Doc. 31), in light of the Plaintiff's extensive efforts to retain counsel (*see* Doc. 33), and consistent with the District Court's finding of good cause to modify the trial dates, (Doc. 32), the Court finds that Plaintiff was diligent. Further, Plaintiff's newly retained counsel diligently sought to modify the Scheduling Order after discovering that Plaintiff failed to designate any experts.

Turning to the other factors, which largely overlap with the Court's consideration under Rule 6(b)(1)(B), the Court also finds that modifying the Scheduling Order to reopen expert discovery will not cause Defendant to suffer undue prejudice or impact the orderly and efficient resolution of this case. The trial dates in this matter have recently been vacated upon a separate finding of good cause. (Doc. 34). As such, reopening discovery for the limited purpose requested by Plaintiff will not delay a scheduled trial. And while it is undisputed that Plaintiff did not comply with the discovery deadlines set forth in the Scheduling Order, the Court finds that Plaintiff's failure to conduct foreseeably necessary discovery "was due to his *pro se* status, lack of legal expertise, and not as a result of bad faith." *Woodard v. City of Menlo Park*, No. C 09-3331 SBA, 2012 WL 2119278, at *1–2 (N.D. Cal. June 11, 2012). Further, while the Court recognizes that the request is opposed (Doc. 31) and Defendant will incur increased litigation costs as a result of granting Plaintiff's request to modify the Scheduling Order, any prejudice suffered by Defendant in this regard is substantially outweighed by Plaintiffs need to engage in discovery to adequately prepare for trial.

Weighing all the factors, Court finds that reopening discovery for the limited purpose of allowing Plaintiff to conduct the expert discovery serves the interest of justice and the public policy of adjudicating cases on the merits. *See Ahanchian*, 624 F.3d at 1259 (quoting *Rodgers*, 722 F.2d

4

456).

## V. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. The expert discovery is reopened and the expert discovery disclosure, rebuttal expert disclosure, and expert discovery deadlines are continued; and

2. Within fourteen (14) days of this order, the parties shall meet and confer and submit mutually acceptable expert discovery disclosure, rebuttal expert disclosure, and expert discovery deadlines to the District Court in addition to and together with their proposed mutually acceptable revised trial and pretrial dates, as previously ordered.  (Doc. 34).

IT IS SO ORDERED.

Dated:  **February 21, 2025**               /s/ *Sheila K. Oberto*               
                              UNITED STATES MAGISTRATE JUDGE

5