# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO DIAZ, | Case No. 1:23-cv-00065-JLT-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE CASE SCHEDULE** |
| v. | |
| CITY OF MERCED, et al., | (Doc. 40) |
| Defendants | |

## I. INTRODUCTION

On August 27, 2025, Defendants City of Merced, Nicholas Dejon, Cody McComb, and Dominic Saelee ("Defendants") filed a motion to modify the case schedule. (Doc. 40). Plaintiff Armondo Diaz ("Plaintiff") filed an opposition on September 10, 2025, and Defendants filed a reply on September 19, 2025. (Docs. 41, 42). Because the matter is deemed suitable for decision without oral argument pursuant to Local Rule 230(g), the Court will vacate the hearing set for October 1, 2025.

For the reasons set forth below, the Court will grant Defendant's motion and modify the case schedule.

## II. BACKGROUND

On January 12, 2023, Plaintiff filed the operative complaint alleging an unlawful seizure and use of excessive force claim in violation of the Fourth and Fourteenth Amendments. (Doc. 1 at 5.) On May 11, 2023, Defendants reached out to Plaintiff's counsel to determine whether Plaintiff intended to move forward with the unlawful seizure claim related to the initial stop and arrest given Plaintiff's related criminal proceedings.[1] (*See* Doc. 40-2 (Declaration of Denny Yu ("Yu Decl.")) ¶ 2; *id.* at 3–5 (Exhibit A ("Ex. A")).) Plaintiff's former counsel, Bill Schmidt, confirmed via email

---

[1] According to the allegations in the complaint, Plaintiff was arrested on a state law charge of domestic violence. (Doc. 1 at ¶ 11).

that Plaintiff would no longer be pursuing the unlawful seizure claim, and only prosecute the excessive force claim. (Yu Decl. ¶ 2; Ex. A.)

Separately, on August 29, 2023, the Merced County Superior Court issued an order granting Plaintiff's petition in state court for a "Finding of Factual Innocence" as to the state criminal charge that resulted in the arrest at issue in this case. (*See* Doc. 41-2 at 4–5.) Neither party addressed this development as it pertained to Plaintiff's written representation that they were not prosecuting the unlawful seizure claim. Based on Plaintiff's representation that he did not intend to pursue the unlawful seizure claim, Defendants did not move for summary judgment as to the unlawful seizure claim by the October 2, 2024 deadline. (Yu Decl. ¶ 3; *see also* Doc. 16.)

Plaintiff's present counsel substituted in on February 7, 2025. (*See* Doc. 29.) On February 21, 2025, the Court permitted expert discovery to be reopened so that Plaintiff could disclose experts, but the parties did not ask for, nor did the Court set new deadlines for dispositive motions. (*See* Doc. 35.)

On June 13, 2025, Plaintiff disclosed rebuttal expert witnesses. (Yu Decl. ¶ 4; Doc. 40-2 at 7–10 (Exhibit B ("Ex. B")).) Plaintiff disclosed Ronald D. Rose, who is expected to opine as to "the existence (or lack thereof) of probable cause to stop, detain and arrest Mr. Diaz under the 'reasonable officer' standard." (Yu Decl. ¶ 4, Ex. B at 8.)

On June 16, 2025, Defense counsel reached out to Plaintiff's counsel to meet and confer on as to the Plaintiff's intent as to the unlawful seizure claim in light of the parties' prior understanding. (Yu Decl. ¶ 5.) After several attempts to meet and confer, Defendant produced the email exchange at issue on August 11, 2025, and on August 18, 2025, Plaintiff confirmed that he would be seeking relief related to the alleged unlawful seizure claim. (Yu Decl. ¶ 6; Doc. 41-1 at 2.)

On August 19, 2025, Plaintiff agreed to review authority provided by Defendants regarding the interplay of Plaintiff's criminal proceedings and his false arrest claim. (Yu Decl. ¶ 6.) To date, Defendant represents that Plaintiff will not honor the prior representation regarding not pursuing the unlawful seizure claim, nor stipulate to modify the scheduling order to permit Defendants to file a dispositive motion. (*See* Doc 41-1 at 2.)

### III.  DISCUSSION

**A.  Legal Standards**

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citation and internal quotation marks omitted). "While a court may take into account any prejudice to the party opposing modification of the scheduling order," the focus of the Rule 16(b) inquiry "is upon the moving party's reasons for seeking modification." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (quoting *Johnson*, 975 F.2d at 609).

Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (alterations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 388, 394 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

In performing this analysis under Rule 6(b), courts consider: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). These factors are "not an exclusive list," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997), and the court must consider "all relevant circumstances," *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that

cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (alteration in original) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

**B.     Analysis**

Here, the Court finds good cause under both Rules 16(b)(1) and 6(b)(1)(B) to modify the pretrial schedule to allow Defendant to file a dispositive motion as to Plaintiff's unlawful seizure claim.

The primary focus of the Court's assessment of good cause under Rule 16(b)(1) is whether the moving party was diligent. *De Paz v. Wells Fargo Bank, N.A.*, No. CV189779PSGPJWX, 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing *Johnson*, 975 F.2d at 609). Although Plaintiff contends Defendants were not diligent, (*see* Doc. 41-1 at 2), in light of Plaintiff's counsel's representation that the unlawful seizure claim was abandoned, the Court finds that Defendants' failure to file a dispositive motion by the deadline was not for lack of diligence. The Court likewise finds that Defendants were diligent after the dispositive motion deadline. As detailed above, Defendants' counsel reached out to Plaintiff's counsel three days after Plaintiff's rebuttal expert witness put Defendant on notice as to the inconsistency between Plaintiff's counsel's prior representation that the unlawful seizure claim was abandoned and Plaintiff's apparent intent to prosecute that claim. (*See* Yu Decl. ¶¶ 4–5).) Two months later, after several attempts to meet and confer, Defendants received confirmation of Plaintiff's intent to prosecute the unlawful seizure claim in light of Plaintiff's success in state court on a factual innocence claim. (Yu Decl. ¶ 6). The next day, Defendants' counsel responded "with authority regarding his assertion that a finding of factual innocence precluded a false arrest claim." (*Id.*) After Plaintiff's counsel reaffirmed an intention to pursue Plaintiff's unlawful seizure claim, Defendants filed the present motion. (*Id.*) In light of these facts, the Court finds that Defendants were diligent in bringing this motion.

Turning to the inquiry under Rule 6(b)(1)(B), the Court finds that the Defendant failed to act prior to the deadline due to excusable neglect. Plaintiff's argument to the contrary is limited only as to the standard set forth by Rule 16(b), arguing that "good cause" to modify the case schedule "does not arise from a party's own carelessness." (Doc. 41-1 at 4.) Plaintiff is mistaken in not considering Rule 6(b)(1)(B)'s standard for excusable neglect. Good cause under Rule 6(b)(1)(B)

"encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge*, 587 F.3d at 1192 (alterations omitted) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 394). Therefore, even if the Court accepted Plaintiff's argument that Defendants were careless—which the Court does not—carelessness would not foreclose a finding of excusable neglect.

Turning to the *Pioneer* factors, the Court starts with the prejudice factor. The Court finds that, in the "excusable neglect" context, the prejudice factor "requires greater harm than simply that relief would delay resolution of the case." *See Lemoge*, 587 F.3d at 1196. Yet delay is, in effect, Plaintiff's sole basis for claiming prejudice.[2] (*See* Doc. 41-1 at 4–5.) Furthermore, "[t]he Ninth Circuit has recognized that losing a previous 'quick but unmerited victory'"—like avoiding having to litigate a dispositive motion based on representations that the Plaintiff would not be prosecuting a particular claim—"is not considered prejudicial." *Darling v. Green,* 2012 WL 6189018, at *2 (C.D. Cal. Dec.12, 2012) (quoting *Ahanchian*, 624 F.3d at 1262). Turning to delay, the Court finds that allowing Defendants to file a dispositive motion would delay the trial by several months. As to the reason for the delay, the Court finds that Defendants reasonably relied on Plaintiff's representations and failed to file a dispositive motion based on that reasonable reliance. Finally, Plaintiff does not allege, and the Court does not find, that Defendant acted in bad faith. Taken together, the Court finds that the weight of the factors is in favor of a finding of excusable neglect.

Taking a step back, the Court also acknowledges that these factors are "not an exclusive list," *Briones*, 116 F.3d at 381, and that the Court must consider "all relevant circumstances," *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Court also observes that Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian*, 624 F.3d 1259 (alteration in original) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). Finally, the Court is mindful that "[t]he determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

---

[2] Plaintiff's citation to *Lockheed Martin C01p. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999), is inapposite. The standard for which Plaintiff's cite that case reflects the standard for considering whether to allow for amendment of a pleading, not whether to extend an elapsed deadline. *See id.* at 986.

5

Applying these principles to the present case, considering all the relevant factors and circumstances, the Court finds that Defendants reasonably relied on Plaintiff's representations. In the Court's view, "[r]eliance upon representations made by opposing counsel . . . mitigate[s the] intentional failure to [timely file a dispositive motion]" because "the court is convinced that such reliance was made in good faith." *Trs. of the S. Cal. IBEW-NECA Pension Plan v. Gonzalez Elec., Inc.*, No. CV0701044MMMSHX, 2008 WL 11336764, at *4 (C.D. Cal. July 31, 2008) (citing *Int'l Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting Co., Inc.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003)). Therefore, in light of its broad discretion "in managing [its] dockets and enforcing [its] scheduling orders," *Saroyan Lumber Co. v. El & El Wood Prods. Corp.*, 126 F. App'x 371, 372 (9th Cir. 2005); *see also, e.g.*, *Hallett*, 296 F.3d at 751; *Little*, 863 F.2d at 685 (9th Cir. 1988), and its interest in "the general purpose of seeing that cases are tried on the merits," *Ahanchian*, 624 F.3d at 1259 (quoting *Rodgers*, 722 F.2d at 459), the Court finds Defendants choice not to file a dispositive motion as to the unlawful detention claim was due to excusable neglect under Rule 16(b)(1)(B), and that there is good cause to modify the scheduling order as to the dispositive motion deadline.

### IV.    CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Motion to Modify the Scheduling Order, (Doc. 40), is GRANTED. It is hereby ORDERED that the operative scheduling orders, (Docs. 21, 37), are MODIFIED as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Dispositive Motion Filing Deadline | November 13, 2024 | October 27, 2025 |
| Dispositive Motion Hearing Deadline | December 18, 2024 | December 1, 2025 |
| Deadline to Provide Proposed Settlement Conference Dates | December 3, 2024 | January 21, 2026 |

| Event | Current Deadline | New Deadline |
|---|---|---|
| Pre-Trial Conference | November 3, 2025 | February 23, 2026 |
| Trial | January 21, 2026 | April 21, 2026 |

IT IS SO ORDERED.

Dated:   **September 19, 2025**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE